**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY FASCE, individually and on behalf of all others similarly situated, | Case No. 7:24-cv-01009 |
| | **CLASS ACTION COMPLAINT** |
| *Plaintiff*, | **DEMAND FOR JURY TRIAL** |
| v. | |
| NESTLÉ HEALTH SCIENCE U.S., LLC (D/B/A NATURE'S BOUNTY) | |
| *Defendant*. | |

**Table of Contents**

I.  Introduction. ............................................................................................................... 1

II.  Parties ....................................................................................................................... 1

III.  Jurisdiction and Venue. .......................................................................................... 2

IV.  Facts. ........................................................................................................................ 2

   A.  Fish oil supplements do not promote heart health. ........................................ 2

   B.  Nature's Bounty sells over-the-counter fish oil supplements that purport to support heart health. ...................................................................................... 3

   C.  Nature's Bounty's labeling is false and misleading to most customers. ........ 5

   C.  Nature's Bounty's fish oil supplements are wholly worthless. ...................... 6

   D.  Mr. Fasce was misled and harmed by Nature's Bounty's misleading labeling. ............ 6

   E.  No adequate remedy at law. ........................................................................... 7

V.  Class action allegations. ........................................................................................... 8

VI.  Claims. ..................................................................................................................... 9

   First Cause of Action Violations of State Consumer Protection Acts ..................... 9

   Second Cause of Action Violation of New York Gen. Bus. Law § 349 ................... 11

   Third Cause of Action Violation of New York Gen. Bus. Law § 350 ...................... 12

   Fourth Cause of Action Breach of Express Warranty ............................................. 13

   Fifth Cause of Action Breach of Implied Warranties ............................................. 14

   Sixth Cause of Action Violations of the Magnuson-Moss Warranty Act ............... 16

   Seventh Cause of Action Quasi-Contract ............................................................... 19

   Eighth Cause of Action Negligent Misrepresentation ............................................ 19

   Ninth Cause of Action Intentional Misrepresentation ............................................ 20

VII.  Relief. ................................................................................................................... 21

VIII.  Demand for Jury Trial. ....................................................................................... 21

## I.      Introduction.

1.      Fish oil is one of the most popular dietary supplements.  About 19 million Americans take fish oil supplements, because they believe that the supplements will improve their cardiovascular health.

2.      But the truth is, the supplements do not work.  While eating fish lowers rates of heart attack and stroke risk, taking fish oil *supplements* does not. Indeed, "multiple randomized trials pitting fish oil against placebos show no evidence of heart-related benefits from fish oil supplements."[1]

3.      Fish oil makers, however, continue to market these supplements as helping cardiovascular health.  Scientists and consumer health advocates have warned that fish oil labels are misleading, and that consumers are wasting their money.[2]

4.      Defendant Nestlé Health Science U.S., LLC ("Nature's Bounty" or "Defendant") makes, sells, and markets Nature's Bounty brand fish oil supplements ("Nature's Bounty Fish Oil Supplements" or "Products").  Each bottle is prominently labeled "Heart Health," and makes claims about supporting heart health.

5.      Like other consumers, Mr. Fasce bought the Nature's Bounty Fish Oil Supplements.  Mr. Fasce read and relied on this statement that the Product supports heart health. He would not have purchased the Product if he had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health.

## II.     Parties

6.      Plaintiff Anthony Fasce is domiciled in Wappingers Falls, New York.

7.      The proposed class includes citizens of every state.

8.      Defendant Nestlé Health Science U.S., LLC is a Delaware limited liability company with its principal place of business at 121 Ruver Street, Hoboken, NJ 07030.

---

[1]https://blogs.scientificamerican.com/observations/the-false-promise-of-fish-oil-supplements/

[2] https://www.health.harvard.edu/heart-health/the-false-promise-of-fish-oil-supplements

III.    **Jurisdiction and Venue.**

9.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

10.    The Court has personal jurisdiction over Defendant because Defendant sold Nature's Bounty Fish Oil Supplements to consumers in New York, including to Plaintiff. Directly and through its agents, Defendant has substantial contacts with, and receives substantial benefits and income from New York.

11.    Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state, given that Defendant sold Nature's Bounty Fish Oil Supplements to consumers in this District, including Plaintiff. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, including Defendant's sale to Plaintiff.

IV.    **Facts.**

A.    **Fish oil supplements do not promote heart health.**

12.    Consumers take fish oil supplements because of its purported health benefits. Harvard Medical School describes it thusly:

> Millions of Americans — including one in five people over age 60 — take fish oil supplements, often assuming the capsules help stave off heart disease. Who can blame them? After all, the product labels say things like "promotes heart health" and "supports healthy cholesterol and blood pressure levels."[3]

13.    The problem is, "there's no evidence that these amber capsules improve cardiovascular health— and they may even harm it."[4]  "Multiple randomized trials have

_____

[3] https://www.health.harvard.edu/heart-health/the-false-promise-of-fish-oil-supplements
[4] *Id.*

compared fish oil supplements with placebo to look for cardiovascular benefit – and found nothing."[5]  "The bottom line is there is no proof fish oil supplements improve your heart health."[6]

14.      Yet, millions of Americans regularly buy fish oil supplements, believing that taking the supplements will improve or promote their heart health.

**B.      Nature's Bounty sells over-the-counter fish oil supplements that purport to support heart health.**

15.      Nature's Bounty makes, markets, and sells Nature's Bounty brand Fish Oil supplements (the "Nature's Bounty Fish Oil Supplements" or "Products") in the United States. The products are available nationwide.  Hundreds of thousands (or even millions) of U.S. consumers buy Nature's Bounty fish oil supplements.

16.      Nature's Bounty makes Fish Oil in various sizes and doses, including the following non-limiting examples:

Fish Oil 1000mg Softgels



---

[5] https://utswmed.org/medblog/fish-oil-pills-heart/; *see, e.g.*, https://www.nejm.org/doi/full/10.1056/nejmoa1811403; https://www.nejm.org/doi/full/10.1056/nejmoa1804989
    [6] *Id.*

Fish Oil 1400mg Softgels



Mini Fish Oil 1290 mg Softgels



Fish Oil + Vitamin D3



17.     Each bottle prominently states "HEART HEALTH."  Some bottles make additional statements such as, "Promotes Heart & Vascular Health," "May Reduce Risk of Coronary Heart Disease," and "Supports Heart & Immune Health."

18.     Each of the Nature's Bounty Products are substantially similar.  They all advertise fish oil supplements, and make representations about promoting heart health, including a prominent represention on the front of each bottle that says, "HEART HEALTH.".

**C.     Nature's Bounty's labeling is false and misleading to most customers.**

19.     By selling a fish oil supplement that purports to promote "heart health," Nature's Bounty is representing to customers that taking their fish oil supplement is beneficial to heart health.

20.     When a consumer picks up a bottle of Nature's Bounty Fish Oil Supplements, the consumer reasonably believes that taking the supplements will be beneficial to heart health.  No reasonable consumer reads the label and expects that the supplement has no effect on heart

health. And, specifically, when a bottle prominently states on the label, "Heart Health," consumers expect that to be accurate — that the product does help support a healthy heart. But the truth is, the product does not affect heart health.  There is no proof that fish oil supplements improve heart health at all.  In this way, Nature's Bounty's affirmative representations are misleading to reasonable consumers.

21.     Similarly, when a consumer picks up a bottle of Nature's Bounty Fish Oil Supplements that says "Promotes Heart & Vascular Health," "May Reduce Risk of Coronary Heart Disease," or "Supports Heart & Immune Health," the consumer reasonably believes that taking the supplements will be beneficial to heart health.  No reasonable consumer reads those words and expects that the supplement has no effect on heart health.

   **C. Nature's Bounty's fish oil supplements are wholly worthless.**

22.     The inaccurate labeling of Nature's Bounty Fish Oil Supplements is highly material to reasonable consumers.  The reason that consumers buy fish oil supplements is because they believe that it supports heart health.  No reasonable consumer wants to buy and ingest a fish oil supplement that has no effect on heart health.

23.     Similarly, Nature's Bounty's false and misleading labeling drives the demand for its Fish Oil Supplements.  As explained above, the primary reason that people buy and ingest fish oil supplements is that they believe that it is beneficial to their heart. If consumers knew the truth—that there is no evidence that Nature's Bounty's Fish Oil Supplements have any benefit to heart health at all—the price of its products would crater.

24.     In fact, without its heart benefits, Nature's Bounty's Fish Oil Supplements are worthless.   What reasonable person wants to pay for and ingest supplements that do not work? Plaintiff and each class member paid for Products that are, in truth, worthless.  Thus, the full economic injury here is the entire price of the Nature's Bounty Fish Oil Supplements that Plaintiff and the class members purchased.

   **D. Mr. Fasce was misled and harmed by Nature's Bounty's misleading labeling.**

25.     In or around July 2023, Anthony Fasce bought a bottle of Nature's Bounty Fish

Oil Supplements at a CVS store in Poughkeepsie, NY.  He purchased the Product regularly for years.  The package is prominently labeled "Heart Health," and states that it may "Reduce Risk of Coronary Heart Disease."  Mr. Fasce read and relied on each of these statements when purchasing the Product.  He would not have purchased the Product at the price he paid if he had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health.

26.     The reason that Mr. Fasce bought the Products is because he believed that the Products were good for his heart.  He believed this because he read and relied on the prominent "Heart Health" statement on the label.  He also believed this because he read and relied on the statement on the bottle that it may "Reduce Risk of Coronary Heart Disease."  Each of these statements made him believe that the Products were good for his heart.  He would not have purchased the Product at the price he paid, if he knew that the Product did not actually support heart health. In fact, knowing the truth, the Product is worthless to him.  The economic injury he suffered is the entire purchase price he paid for the Product, as it is worthless.

27.     Plaintiff wants Nature's Bounty to fix its practices and sell supplements with accurate labeling.  If Nature's Bounty fixes their Products, so that the supplements actually do help support heart health, he would buy them again.  But given Nature's Bounty's past deception, Plaintiff cannot rely on Nature's Bounty's word alone that it has fixed the problem. Plaintiff faces an imminent threat of harm because he will not be able to rely on Nature's Bounty's labels in the future, and will not be able to buy Nature's Bounty's Fish Oil Supplements, even if Nature's Bounty claims to have fixed the issue. To buy Nature's Bounty's Products again, Plaintiff needs the Court to enter an order forbidding Nature's Bounty from claiming that its supplements promote heart health unless the supplements actually promote heart health.

### E.     No adequate remedy at law.

28.     Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law.

29.     A legal remedy is not adequate if it is not as certain as an equitable remedy.  To obtain a full refund as damages, Plaintiff must show that the products they received have essentially no market value.  In contrast, Plaintiff can seek restitution without making this showing.  This is because Plaintiff purchased products that he would not otherwise have purchased, but for Nature's Bounty's misrepresentations.  Obtaining a full refund at law is less certain than obtaining a refund in equity.

30.     Finally, the remedies at law available to Plaintiff are not equally prompt or otherwise efficient.  The need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

**V.      Class action allegations.**

31.     Plaintiff brings the asserted claims on behalf of the proposed class of:

- <u>Nationwide Class</u>: all persons who, within the applicable statute of limitations period, purchased one or more Nature's Bounty Fish Oil Supplements.

- <u>New York Subclass</u>: all persons who, while in the state of New York and within the applicable statute of limitations period, purchased one or more Nature's Bounty Fish Oil Supplements.

32.     The following people are excluded from the class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

*Numerosity & Ascertainability*

33.     The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

34.     Class members can be identified through Defendant's sales records and public notice.

***Predominance of Common Questions***

35.     There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in their labeling;

(2) whether Defendant violated New York's consumer protection statutes;

(3) whether Defendant committed a breach of an express or implied warranty;

(4) damages needed to reasonably compensate Plaintiff and the proposed class.

***Typicality & Adequacy***

36.     Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased the Nature's Bounty Fish Oil Supplements.  There are no conflicts of interest between Plaintiff and the class.

***Superiority***

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.     Claims.**

<u>**First Cause of Action**</u>

**Violations of State Consumer Protection Acts**

**(on behalf of all Plaintiff and the Multi-State Consumer Protection Subclass)**

38.     Plaintiff incorporates each and every factual allegation set forth above.

39.     As alleged below, Plaintiff brings individual and subclass claims based on New York law.  For the Multi-State Consumer Protection Subclass, Plaintiff brings this count for violations of state consumer protection laws that are materially-similar to the laws of New York, including:

| State | Statute |
|-------|---------|
| California | Cal. Bus. & Prof. Code § 17200, and the following; *Id.* §17500, and the following; Cal. Civ. Code §1750 and the following. |
| Connecticut | Conn. Gen Stat. Ann. § 42- 110, and the following. |
| Illinois | 815 ILCS § 501/1, and the following. |
| Maryland | Md. Code Ann. Com. Law, § 13-301, and the following. |
| Missouri | Mo. Rev. Stat. § 407, and the following. |
| New York | N.Y. Gen. Bus. Law § 349, and the following. |

40.     Each of these statutes is materially similar.  Each broadly prohibits deceptive conduct in connection with the sale of goods to consumers.  No state requires individualized reliance, or proof of defendant's knowledge or intent.  Instead, it is sufficient that the deceptive conduct is misleading to reasonable consumers and that the conduct proximately caused harm.

41.     As alleged in detail above, Defendant's misrepresentations are misleading to reasonable consumers in a material way.  Defendant's false and misleading labeling was a substantial factor in Plaintiff's purchase decisions and the purchase decisions of class members.

42.     Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have purchased Nature's Bounty Fish Oil Supplements if they had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health or (b) they received products that were, in truth, worthless.

**Second Cause of Action**

**Violation of New York Gen. Bus. Law § 349**

**(By Plaintiff and the New York Subclass)**

43.　　Plaintiff incorporates each and every factual allegation set forth above.

44.　　Plaintiff brings this cause of action on behalf of himself and members of the New York Subclass, seeking statutory damages available under New York Gen. Bus. Law § 349 (among other relief).

45.　　Defendant's false and misleading heart health claims are consumer-oriented.

46.　　Defendant's misrepresentations have a broad impact on consumers at large, i.e., the hundreds of thousands (or potentially millions) of New Yorkers that purchase these products. These transactions recur every day.

47.　　Defendant's misrepresentations about supporting heart health were material.  As alleged in detail above, these misrepresentations were important to consumers and affected their choice to purchase the Nature's Bounty Fish Oil Supplements.  And these misrepresentations were likely to mislead reasonable consumers.

48.　　Defendant's misrepresentations were willful and knowing.  Defendant falsely represented that Nature's Bounty Fish Oil Supplements support heart health.  Because Defendant makes and sells the Products, Defendant knew, or should have known through the exercise of reasonable care, that these statements were false and misleading.  Furthermore, Defendant controls its labeling, knowingly put on the "Heart Health" representations, and knows the plain meaning of "Heart Health."

49.　　Plaintiff Fasce and class members were injured as a direct and proximate result of Defendant's conduct, and this conduct was a substantial factor in causing them harm, because (a) they would not have purchased Nature's Bounty Fish Oil Supplements if they had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health or (b) they received products that were, in truth, worthless.

50.     The Consumer Protection Class seeks actual damages. Plaintiff Fasce and the New York Subclass seek statutory damages of $50, treble damages, reasonable attorney fees, and all other available relief.  *See* N.Y. Gen. Bus. Law § 349 (h).

<u>**Third Cause of Action**</u>

**Violation of New York Gen. Bus. Law § 350**

**(by Plaintiff and the New York Subclass)**

51.     Plaintiff incorporates each and every factual allegation set forth above.

52.     Plaintiff brings this cause of action on behalf of himself and members of the New York Subclass, seeking statutory damages available under New York Gen. Bus. Law § 350 (among other relief).

53.     Defendant's false and misleading "Heart Health" claims are consumer-oriented.

54.     Defendant's misrepresentations have a broad impact on consumers at large, i.e., the hundreds of thousands (or potentially millions) of New Yorkers that purchase these products. These transactions recur every day.

55.     Defendant's "Heart Health" misrepresentations were deceptive and misleading in a material way.  As alleged in detail above, these misrepresentations were important to consumers and affected their choice to purchase the Nature's Bounty Fish Oil Supplements. And these misrepresentations were likely to mislead reasonable consumers.

56.     Plaintiff Fasce and the Subclass saw and relied on Defendant's "Heart Health" misrepresentations.

57.     Defendant's misrepresentations were willful and knowing.  Defendant falsely represented that Nature's Bounty Fish Oil Supplements support heart health.  Because Defendant makes and sells the Products, Defendant knew, or should have known through the exercise of reasonable care, that these statements were false and misleading.  Furthermore, Defendant controls its labeling, knowingly put on the "Heart Health" representations, and knows the plain meaning of "Heart Health."

58.     Plaintiff Fasce and class members were injured as a direct and proximate result of Defendant's conduct, and this conduct was a substantial factor in causing them harm, because (a) they would not have purchased Nature's Bounty Fish Oil Supplements if they had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health or (b) they received products that were, in truth, worthless.

59.     Plaintiff Fasce and the New York Subclass seek statutory damages of $500, treble damages, reasonable attorney fees, and all other available relief.  *See* N.Y. Gen. Bus. Law § 350-e (3).

<u>**Fourth Cause of Action**</u>

**Breach of Express Warranty**

**(by Plaintiff and the Nationwide Class)**

60.     Plaintiff incorporates each and every factual allegation set forth above.

61.     Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. In the alternative, Plaintiff brings this claim for himself and members of the New York Subclass.

62.     Defendant, as the manufacturer, marketer, distributor, supplier, and/or seller of the Nature's Bounty Fish Oil Supplements, issued material, written warranties by representing that the Products help support a healthy heart.  This was an affirmation of fact about the Products (i.e., a description of the supplements) and a promise relating to the goods.

63.     This warranty was part of the basis of the bargain and Plaintiff and class members relied on this warranty.

64.     In fact, the Nature's Bounty Fish Oil Supplements do not conform to the above-referenced representation because, as alleged in detail above, Nature's Bounty's labeling is inaccurate and the Products have not been shown to support a healthy heart.  They do not promote heart health or improve cardiovascular outcomes.  Thus, the warranty was breached.

65.     Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on January 26, 2024.

66.     Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct, and this conduct was a substantial factor in causing harm, because: (a) they would not have purchased Nature's Bounty Fish Oil Supplements if they had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health or (b) they received products that were, in truth, worthless.

**Fifth Cause of Action**

**Breach of Implied Warranties**

**(by Plaintiff and the Nationwide Class)**

67.     Plaintiff incorporates each and every factual allegation set forth above.

68.     Plaintiff brings this cause of action on behalf of himself and the Nationwide Class.  In the alternative, Plaintiff brings this claim for himself and members of the New York Subclass.

69.     Defendant impliedly warranted that the Nature's Bounty Fish Oil Supplements, which Defendant manufactured or sold, were merchantable and fit for the ordinary purposes for which they were intended to be used.  Defendant breached its implied warranty of merchantability when it manufactured, distributed, and sold the Nature's Bounty Fish Oil Supplements in un-merchantable condition.  These Nature's Bounty Fish Oil Supplements, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which fish oil supplements are used.

70.     As described in greater detail above, Defendant impliedly warranted that the Nature Made Fish Oil Supplements are fit for the purpose of improving cardiovascular outcomes and supporting heart health.  But Nature's Bounty Fish Oil Supplements have not been shown to support a healthy heart.  They do not promote heart health or improve cardiovascular outcomes.  Thus, the warranty was breached.

71.     Defendant also impliedly warranted that the Nature's Bounty Fish Oil Supplements, which Defendant manufactured or sold, were fit for the particular purposes for which they were intended to be used.

14

72.     Plaintiff and class members purchased Nature's Bounty Fish Oil Supplements, for the particular purpose of improving heart health and cardiovascular outcomes.

73.     Defendant knew, or had reason to know, that Plaintiff and class members were purchasing the Nature's Bounty Fish Oil Supplements for the particular purpose of improving heart health and cardiovascular outcomes.  Defendant is aware that consumers purchase Nature's Bounty Fish Oil Supplements to improve heart health and cardiovascular outcomes.  In fact, it advertises to consumers that Nature's Bounty Fish Oil Supplements improve heart health and cardiovascular outcomes.

74.     Defendant markets itself as a knowledgeable and effective developer and purveyor of fish oil supplements.

75.     Defendant knew, or had reason to know, that Plaintiff and class members would justifiably rely on Defendant's particular skill and knowledge of fish oil supplements in selecting or furnishing such supplements that would improve heart health and cardiovascular outcomes.

76.     Plaintiff and class members did justifiably rely on Defendant's judgment and skill.

77.     Defendant breached its implied warranty of fitness when it manufactured, distributed, and sold Nature's Bounty Fish Oil Supplements that do not promote heart health or improve cardiovascular outcomes, despite advertising that they do.  These Nature's Bounty Fish Oil Supplements, when sold and at all times thereafter, were not fit for the particular purpose for which consumers purchased them.

78.     Plaintiff and the other class members notified Defendant of the breaches of its implied warranties within a reasonable time and/or were not required to do so. Indeed, Plaintiff sent a notice letter regarding Defendant's breaches on January 26, 2024.  Defendant was also on notice of its breaches from other sources, including relevant scientific literature.

79.     Defendant's breaches of these implied warranties deprived Plaintiff and class members of the benefits of their bargains.

15

80.     Plaintiff and the class members have had sufficient direct dealings with either Defendant or its agents (retailers and technical support) to establish privity of contract between Defendant, on one hand, and Plaintiff and each of the other class members on the other hand. Nonetheless, privity is not required here because Plaintiff and each of the other class members are intended third-party beneficiaries of contracts between Defendant and its retailers, and specifically, of Defendant's implied warranties. The retailers were not intended to be the ultimate consumers of the Nature Made Fish Oil Supplements and have no rights under the warranty agreements provided with the Nature Made Fish Oil Supplements; the warranty agreements were designed for and intended to benefit the consumer only.

81.     Affording Defendant a reasonable opportunity to cure its breaches and warranties would be unnecessary and futile here. Indeed, Defendant has long been on notice of the claims of Plaintiff and class members and has refused to provide a remedy, instead placing the blame on customers or refusing to acknowledge their breaches of warranty.

82.     Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct, and this conduct was a substantial factor in causing harm, because: (a) they would not have purchased Nature's Bounty Fish Oil Supplements if they had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health or (b) they received products that were, in truth, worthless.

### Sixth Cause of Action

**Violations of the Magnuson-Moss Warranty Act**

**(by Plaintiff and the Nationwide Class)**

83.     Plaintiff incorporates each and every factual allegation set forth above.

84.     Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. In the alternative, Plaintiff brings this claim for himself and members of the New York Subclass.

85.     Plaintiff and the class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

86.    Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

87.    The Nature's Bounty Fish Oil Supplements are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

88.    15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

89.    Defendant's implied warranty is an "implied warranty" within the meaning of 15 U.S.C. § 2301(7).

90.    Defendant's express warranty is a "written warranty" within the meaning of 15 U.S.C. § 2301(6).

91.    Defendant breached the implied warranty and the express warranty by virtue of the above-described acts.

92.    Plaintiff and the other class members notified Defendant of the breach within a reasonable time and/or were not required to do so. Indeed, Plaintiff sent a notice letter regarding Defendant's breach on January 26, 2024.  Defendant was also on notice of its breach from other sources, including relevant scientific literature.

93.    Defendant's breach of the implied warranty and express warranty deprived Plaintiff and class members of the benefits of their bargains.

94.    Plaintiff and the class members have had sufficient direct dealings with either Defendant or its agents (retailers and technical support) to establish privity of contract between Defendant, on one hand, and Plaintiff and each of the other class members on the other hand. Nonetheless, privity is not required here because Plaintiff and each of the other class members are intended third-party beneficiaries of contracts between Defendant and its retailers, and specifically, of Defendant's implied warranties. The retailers were not intended to be the ultimate consumers of the Nature Made Fish Oil Supplements and have no rights under the warranty agreements provided with the Nature Made Fish Oil Supplements; the warranty agreements were designed for and intended to benefit the consumer only.

17

95.     Defendant breached these warranties, as described in more detail above. Defendant represented that the Nature Made Fish Oil Supplements would meet a specified level of performance over a specified period of time. Defendant represented that the Nature Made Fish Oil Supplements would improve cardiovascular outcomes and support heart health.

96.     In fact, the Nature's Bounty Fish Oil Supplements do not conform to the above-referenced representation because, as alleged in detail above, Defendant's labeling is inaccurate and Nature Made Fish Oil Supplements have not been shown to support a healthy heart.  Thus, Defendant's warranties were breached.

97.     Affording Defendant a reasonable opportunity to cure its breaches would be unnecessary and futile here. Indeed, Defendant has long been on notice of the claims of Plaintiff and class members and has refused to provide a remedy, instead placing the blame on customers or refusing to acknowledge their breaches of warranty.

98.     At the time of sale of each of the Nature Made Fish Oil Supplements, Defendant knew, should have known, or was reckless in not knowing of its misrepresentations and omissions concerning the Nature Made Fish Oil Supplements and inability to perform as warranted, but nonetheless failed to rectify the situation. Under the circumstances, the remedies available under any informal settlement procedure would be inadequate and any requirement that Plaintiff resort to an informal dispute resolution procedure and/or afford Defendant a reasonable opportunity to cure its breach of warranties is excused and thereby deemed satisfied.

99.     Plaintiff and class members would suffer economic hardship if they returned their Nature Made Fish Oil Supplements but did not receive the return of all payments made by them. Because Defendant is refusing to acknowledge any revocation of acceptance and refusing to return immediately any payments made, Plaintiff and the other class members have not re-accepted their Nature Made Fish Oil Supplements by retaining them.

100.     Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct, and this conduct was a substantial factor in causing harm, because: (a) they would not have purchased Nature's Bounty Fish Oil Supplements if they had known that the

Products have not actually been shown to improve cardiovascular outcomes or promote heart health or (b) they received products that were, in truth, worthless.

101.    The amount in controversy of Plaintiff's individual claims meets or exceeds the sum of $25. The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

**Seventh Cause of Action**

**Quasi-Contract**

**(by Plaintiff and the Nationwide Class)**

102.    Plaintiff incorporates each and every factual allegation set forth above.

103.    Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. Plaintiff brings this cause of action in the alternative to his Breach of Express Warranty claim (Fourth Cause of Action) on behalf of himself and the New York Class.  In the alternative, Plaintiff brings this claim on behalf of himself and the New York Subclass.

104.    As alleged in detail above, Defendant's false and misleading representations caused Plaintiff and the class to purchase wholly worthless Products.

105.    In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

106.    Plaintiff and the class seek restitution, and in the alternative, rescission.

**Eighth Cause of Action**

**Negligent Misrepresentation**

**(by Plaintiff and the Nationwide Class)**

107.    Plaintiff incorporates each and every factual allegation set forth above.

108.    Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. In the alternative, Plaintiff brings this claim for himself and members of the New York Subclass.

109.    As alleged more fully above, Defendant made false representations to Plaintiff and class members concerning their statements that the supplements support a healthy heart.

110.    These representations were false.

111.     When Defendant made these misrepresentations, they knew or should have known that they were false.  Defendant had no reasonable grounds for believing that these representations were true when made.

112.     Defendant intended that Plaintiff and class members rely on these representations and Plaintiff and class members read and reasonably relied on them.

113.     In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Nature's Bounty Fish Oil Supplements.

114.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and class members.

115.     Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have purchased Nature's Bounty Fish Oil Supplements if they had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health or (b) they received products that were, in truth, worthless.

**Ninth Cause of Action**

**Intentional Misrepresentation**

**(by Plaintiff and the California Subclass)**

116.     Plaintiff incorporates each and every factual allegation set forth above.

117.     Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. In the alternative, Plaintiff brings this claim for himself and members of the New York Subclass.

118.     As alleged more fully above, Defendant made false representations to Plaintiff and class members concerning their statements that the supplements support a healthy heart.

119.     These representations were false.

120.     When Defendant made these misrepresentations, they knew that they were false at the time that it made them and/or acted recklessly in making the misrepresentations.

121.    Defendant intended that Plaintiff and class members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

122.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

123.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and class members.

124.    Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have purchased Nature's Bounty Fish Oil Supplements if they had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health or (b) they received products that were, in truth, worthless.

**VII.    Relief.**

125.    Plaintiff seeks the following relief for himself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Rescission;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

**VIII.    Demand for Jury Trial.**

126.    Plaintiff demands the right to a jury trial on all claims so triable.

Dated: February 9, 2024                    Respectfully submitted,

By: /s/ *Christin Cho*
Christin Cho* (Cal. Bar No. 238173)
christin@dovel.com
Simon Franzini* (Cal. Bar No. 287631)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

Alan M. Feldman*
Zachary Arbitman*
Samuel Mukiibi*
FELDMAN SHEPHERD
WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
T: (215) 567-8300
F: (215) 567-8333

*Pro Hac Vice Applications Forthcoming

*Attorneys for Plaintiff*