**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY FASCE, individually and on behalf of all others similarly situated, | Case No. 7:24-cv-01009-PMH |
| | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| *Plaintiff*, | |
| | **DEMAND FOR JURY TRIAL** |
| v. | |
| NESTLÉ HEALTH SCIENCE U.S., LLC (D/B/A NATURE'S BOUNTY) | |
| *Defendant*. | |

**Table of Contents**

I.    Introduction. ................................................................................................................ 1

II.   Parties ......................................................................................................................... 1

III.  Jurisdiction and Venue. .............................................................................................. 1

IV.   Facts. .......................................................................................................................... 2

      A.    Fish oil capsules do not promote heart health and, in fact, harm it. ............................ 2

      B.    Nature's Bounty sells over-the-counter fish oil capsules that purport to support
            heart health and omit any information regarding the risks of fish oil
            supplements. ....................................................................................................... 4

      C.    Nature's Bounty's labeling is false and misleading. ...................................................... 6

      D.    Nature's Bounty's Fish Oil Capsules are priced at a premium due to their
            falsely advertised heart health benefits. ....................................................................... 7

      E.    Plaintiff was misled and harmed by Nature's Bounty's misleading labeling. ............... 8

      F.    No adequate remedy at law. ........................................................................................... 9

V.    Class action allegations. .............................................................................................. 9

VI.   Claims. ........................................................................................................................ 11

      First Cause of Action: Violation of New York Gen. Bus. Law § 349 .................................... 11

      Second Cause of Action: Violation of New York Gen. Bus. Law § 350 ................................ 12

      Third Cause of Action: Breach of Express Warranty ............................................................. 14

      Fourth Cause of Action: Breach of Implied Warranties .......................................................... 15

      Fifth Cause of Action: Negligent Misrepresentation/Omission .............................................. 17

      Sixth Cause of Action: Fraudulent Misrepresentation/Omission ............................................ 18

VII.  Relief. ......................................................................................................................... 19

VIII. Demand for Jury Trial. ............................................................................................... 20

i

I.      **Introduction.**

1.      Fish oil is one of the most popular dietary capsules.  About 19 million Americans take fish oil capsules, because they believe that the capsules will improve their cardiovascular health.

2.      But the truth is, the capsules do not work.  While eating fish lowers rates of heart attack and stroke risk, taking fish oil *capsules* does not. Indeed, "multiple randomized trials pitting fish oil against placebos show no evidence of heart-related benefits from fish oil capsules."[1]

3.      In fact, several recent studies have found that taking fish oil capsules are *harmful* to heart health.

4.      Fish oil makers, however, continue to market these capsules as helping cardiovascular health.  Scientists and consumer health advocates have warned that fish oil labels are misleading, and that consumers are wasting their money.[2]

5.      Defendant Nestlé Health Science U.S., LLC ("Nature's Bounty" or "Defendant") makes, sells, and markets Nature's Bounty brand fish oil capsules ("Nature's Bounty Fish Oil Capsules" or "Products").  Each bottle is prominently labeled "Heart Health," and makes claims about supporting heart health.

6.      Like other consumers, Plaintiff bought the Nature's Bounty Fish Oil Capsules.  He read and relied on this statement that the Product supports heart health.  He would not have paid the price he did for the Products if he knew that Nature's Bounty Fish Oil Capsules did not benefit heart health and, in fact, harm it.

II.     **Parties**

7.      Plaintiff Anthony Fasce is domiciled in Wappingers Falls, New York.

8.      The proposed class includes citizens of every state.

9.      Defendant Nestlé Health Science U.S., LLC is a Delaware limited liability company with its principal place of business at 121 River Street, Hoboken, NJ 07030.

III.    **Jurisdiction and Venue.**

---

[1]https://blogs.scientificamerican.com/observations/the-false-promise-of-fish-oil-capsules/
[2] https://www.health.harvard.edu/heart-health/the-false-promise-of-fish-oil-capsules

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

11.     The Court has personal jurisdiction over Defendant because Defendant sold Nature's Bounty Fish Oil Capsules to consumers in New York, including to Plaintiff Fasce. Directly and through its agents, Defendant has substantial contacts with, and receives substantial benefits and income from New York.

12.     Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state, given that Defendant sold Nature's Bounty Fish Oil Capsules to consumers in this District, including Plaintiff Fasce. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, including Defendant's sale to Plaintiff Fasce.

## IV.    Facts.

### A.    Fish oil capsules do not promote heart health and, in fact, harm it.

13.     Consumers take fish oil capsules because of its purported health benefits.  Harvard Medical School describes it thusly:

> Millions of Americans — including one in five people over age 60 — take fish oil capsules, often assuming the capsules help stave off heart disease. Who can blame them? After all, the product labels say things like "promotes heart health" and "supports healthy cholesterol and blood pressure levels."[3]

14.     The problem is, "there's no evidence that these amber capsules improve cardiovascular health— and they may even harm it."[4]  "Multiple randomized trials have

---

[3] https://www.health.harvard.edu/heart-health/the-false-promise-of-fish-oil-capsules
[4] *Id.*

compared fish oil capsules with placebo to look for cardiovascular benefit – and found nothing."[5] "The bottom line is there is no proof fish oil capsules improve your heart health."[6]

15.　　Worse, multiple recent studies have found that fish oil supplements are *harmful* to heart health.

16.　　"In the [peer-reviewed[7]] REDUCE-IT trial, 8179 participants were given 'omega-3' and they found that "there was a significant increase in risk of AF [atrial fibrillation] with omega-3 fatty acids."[8]

17.　　"In the VITAL Rhythm Study…12,542 participants were randomized to receive a standard dose of omega-3 fatty acids, 840 mg/d (a combination of EPA and DHA) and 12,557 to receive placebo. After a median of 5.3 years, the incidence of AF was 7.2 per 1000 person-years in those taking omega-3 fatty acids vs 6.6 per 1000 person-years in those taking placebo."[9]

18.　　And a study of over 400,000 participants concluded that "[r]egular use of fish oil supplements might be a risk factor for atrial fibrillation and stroke among the general population."[10]

19.　　Yet, because these supplements are advertised as promoting heart health despite overwhelming evidence to the contrary, and because companies omit the fact that taking these

---

[5] https://utswmed.org/medblog/fish-oil-pills-heart/; *see, e.g.*, https://www.nejm.org/doi/full/10.1056/nejmoa1811403; https://www.nejm.org/doi/full/10.1056/nejmoa1804989

[6] *Id.*

[7] The REDUCE-IT study was published in the New England Journal of Medicine. *See* https://www.nejm.org/about-nejm/about-nejm ("NEJM delivers high-quality, peer-reviewed research").

[8] Gregory Curfman, MD, *Omega-3 Fatty Acids and Atrial Fibrillation* (March 16, 2021). This article appears in JAMA, a peer-reviewed network of medical journals. *See* https://jamanetwork.com/journals/jama/pages/for-authors ("JAMA, published continuously since 1883, is an international peer-reviewed general medical journal. JAMA is a member of the JAMA Network, a consortium of peer-reviewed, general medical and specialty publications.").

[9] Albert CM, Cook NR, Pester, et al. *Effect of marine omega-3 fatty acid and vitamin D supplementation on incident atrial fibrillation: a randomized clinical trial* (*VITAL Rhythm*) (JAMA, March 16, 2021).

[10] Chen et al., *Regular use of fish oil supplements and course of cardiovascular diseases: prospective cohort study* (BMJMED, 2024).

supplements could harm heart health, millions of Americans regularly buy fish oil capsules, believing that taking the capsules will improve or promote their heart health.

**B.    Nature's Bounty sells over-the-counter fish oil capsules that purport to support heart health and omit any information regarding the risks of fish oil supplements.**

20.    Nature's Bounty makes, markets, and sells Nature's Bounty brand Fish Oil capsules (the "Nature's Bounty Fish Oil Capsules" or "Products") in the United States. The products are available nationwide.  Upon information and belief, hundreds of thousands (or even millions) of U.S. consumers buy Nature's Bounty Fish Oil Capsules.

21.    Nature's Bounty makes Fish Oil in various sizes and doses, including the following non-limiting examples:

Fish Oil 1000mg Softgels



Fish Oil 1400mg Softgels



Mini Fish Oil 1290 mg Softgels



Fish Oil + Vitamin D3



22.    Each bottle prominently states "HEART HEALTH."  Some bottles make additional statements such as, "Promotes Heart & Vascular Health," and "Supports Heart & Immune Health."

23.    None of the labels on the Products mention the risks of fish oil supplements, including the increased risk of atrial fibrillation.

24.    Each of the Nature's Bounty Products are substantially similar.  They all advertise fish oil capsules, and make representations about promoting heart health, including a prominent representation on the front of each bottle that says, "HEART HEALTH."  And they all omit the risks of taking fish oil supplements to heart health.

**C.    Nature's Bounty's labeling is false and misleading.**

25.    By selling a fish oil supplement that purports to promote "heart health," Nature's Bounty is representing to customers that taking its fish oil supplement is beneficial to heart health.

26.     When a consumer picks up a bottle of Nature's Bounty Fish Oil Capsules, the consumer reasonably believes that taking the capsules will be beneficial to heart health.  No reasonable consumer reads the label and expects that the supplement has no effect on heart health. And, specifically, when a bottle prominently states on the label, "Heart Health," consumers expect that to be accurate — that the product does help support a healthy heart. But the truth is, the product does not affect heart health. In fact, scientific evidence establishes that fish oil capsules *harm* heart health. In this way, Nature's Bounty's affirmative representations are misleading to reasonable consumers.

27.     Similarly, when a consumer picks up a bottle of Nature's Bounty Fish Oil Capsules that says, "Promotes Heart & Vascular Health" or "Supports Heart & Immune Health," the consumer reasonably believes that taking the capsules will be beneficial to heart health.  No reasonable consumer reads those words and expects that the supplement has no effect on heart health.

28.     Worse, because Nature's Bounty Fish Oil Capsules omit any warnings about the risks of fish oil supplements from their labels, no reasonable consumer would know from the labeling that taking fish oil supplements jeopardizes their health, specifically by increasing the risk of atrial fibrillation.

**D.    Nature's Bounty's Fish Oil Capsules are priced at a premium due to their falsely advertised heart health benefits.**

29.     The inaccurate labeling of Nature's Bounty Fish Oil Capsules is highly material to reasonable consumers.  The reason that consumers buy fish oil capsules is because they believe that it supports heart health.  No reasonable consumer wants to pay a premium for a fish oil supplement that has no effect on heart health.

30.     Similarly, Nature's Bounty's false and misleading labeling drives the demand for its Fish Oil Capsules.  As explained above, the primary reason that people buy and ingest fish oil capsules is that they believe that it is beneficial to their heart. If consumers knew the truth—that there is no evidence that Nature's Bounty Fish Oil Capsules have any benefit to heart health at all—the price of its products would crater.

31.    Worse, no consumer would pay the current market price for Nature's Bounty Fish Oil Capsules if Nature's Bounty did not omit information regarding the risks of fish oil supplements, specifically that they may be *harmful* to heart health by increasing the incidences of atrial fibrillation.

32.    The reason that consumers purchase Nature's Bounty's Fish Oil Capsules is because they believe they promote heart health. But without its heart benefits, and with the increased risk of atrial fibrillation, Nature's Bounty's Fish Oil Capsules do not provide this benefit. What reasonable person wants to pay for and ingest capsules at the current market price if the products do not improve heart health and, in fact, are harmful to heart health? Thus, the economic injury here is the price premium attributable to the false and misleading heart health statements. Alternatively, because the false and misleading heart health statement is the sole reason that reasonable consumers purchase Nature's Bounty's Fish Oil Capsules, the economic injury is the entire price of the Nature's Bounty Fish Oil Capsules that Plaintiff and the class members purchased.

**E.    Plaintiff was misled and harmed by Nature's Bounty's misleading labeling.**

33.    In or around July 2023, Anthony Fasce bought a bottle of Nature's Bounty Fish Oil Capsules at a CVS store in Poughkeepsie, NY. He purchased the Product regularly for years.

34.    The package is prominently labeled "Heart Health." Mr. Fasce read and relied on this statement when purchasing the Product. He would not have purchased the Product at the price he paid if he had known that the Products have not actually been shown to improve cardiovascular outcomes or promote heart health.

35.    The reason that Mr. Fasce bought the Products is because he believed that the Products were good for his heart. He believed this because he read and relied on the prominent "Heart Health" statement on the label. This statement made him believe that the Products were good for his heart. He would not have purchased the Product at the price he paid, if he knew that the Product did not actually support heart health.

36.    Moreover, Mr. Fasce was unaware that fish oil supplements, such as Nature's Bounty Fish Oil Capsules, actually *increased* his risk of atrial fibrillation, meaning that the Products were actually *harmful* to heart health. He never would have paid the price he paid for the Products had this information not been omitted from the labels.

37.    Plaintiff wants Nature's Bounty to fix its practices and sell capsules with accurate labeling.  If Nature's Bounty fixes its Products, so that the capsules actually do help support heart health, he would buy the Products again.  But given Nature's Bounty's past deception, Plaintiff cannot rely on Nature's Bounty's word alone that it has fixed the problem.  Plaintiff faces an imminent threat of harm because he will not be able to rely on Nature's Bounty's labels in the future and will not be able to buy Nature's Bounty's Fish Oil Capsules, even if Nature's Bounty claims to have fixed the issue. To buy Nature's Bounty's Products again, Plaintiff needs the Court to enter an order forbidding Nature's Bounty from claiming that its capsules promote heart health unless the capsules actually promote heart health.

**F.    No adequate remedy at law.**

38.    Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law.

39.    A legal remedy is not adequate if it is not as certain as an equitable remedy.  To obtain a full refund as damages, Plaintiff must show that the products he received have essentially no market value.  In contrast, Plaintiff can seek restitution without making this showing.  This is because Plaintiff purchased products that he would not otherwise have purchased, but for Nature's Bounty's misrepresentations.  Obtaining a full refund at law is less certain than obtaining a refund in equity.

40.    Finally, the remedies at law available to Plaintiff are not equally prompt or otherwise efficient.  The need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

**V.    Class action allegations.**

41.    Plaintiff brings the asserted claims on behalf of the proposed class of:

- <u>Nationwide Class</u>: all persons who, within the applicable statute of limitations period, purchased one or more Nature's Bounty Fish Oil Capsules.

- <u>New York Subclass</u>: all persons who, while in the state of New York and within the applicable statute of limitations period, purchased one or more Nature's Bounty Fish Oil Capsules.

42.    The following people are excluded from the class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff' counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### *Numerosity & Ascertainability*

43.    The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

44.    Class members can be identified through Defendant's sales records and public notice.

### *Predominance of Common Questions*

45.    There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in its labeling;

(2) whether Defendant violated New York's consumer protection statutes;

(3) whether Defendant committed a breach of an express or implied warranty;

(4) damages needed to reasonably compensate Plaintiff and the proposed class.

### *Typicality & Adequacy*

46.    Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased the Nature's Bounty Fish Oil Capsules.  There are no conflicts of interest between Plaintiff and the class.

*Superiority*

47.    A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

VI.    **Claims.**

**First Cause of Action**

**Violation of New York Gen. Bus. Law § 349**

**(By Plaintiff Anthony Fasce and the New York Subclass)**

48.    Plaintiff Anthony Fasce incorporates each and every factual allegation set forth above.

49.    Plaintiff brings this cause of action on behalf of himself and members of the New York Subclass, seeking statutory damages available under New York Gen. Bus. Law § 349 (among other relief).

50.    Defendant's false and misleading heart health claims are consumer-oriented.

51.    Defendant's misrepresentations have a broad impact on consumers at large, i.e., the hundreds of thousands (or potentially millions) of New Yorkers that purchase these products. These transactions recur every day.

52.    Defendant's misrepresentations about supporting heart health were material.  As alleged in detail above, these misrepresentations were important to consumers and affected their choice to purchase the Nature's Bounty Fish Oil Capsules.  And these misrepresentations were likely to mislead reasonable consumers.

53.    Defendant's misrepresentations were willful and knowing.  Defendant falsely represented that Nature's Bounty Fish Oil Capsules support heart health.  Moreover, Defendant

omitted crucial information from its label, failing to disclose that fish oil supplements may increase the risk of atrial fibrillation and *harm* heart health.

54.     Because Defendant makes and sells the Products, Defendant knew, or should have known through the exercise of reasonable care, that these statements were false and misleading. Furthermore, Defendant controls its labeling, knowingly put on the "Heart Health" representations, and knows the plain meaning of "Heart Health."

55.     Defendant had superior knowledge of its Products compared to consumers, and Defendant knew or should have known about the dangerous risks associated with its Products, namely that they increase the risk of atrial fibrillation and harm heart health. Defendant had a duty to warn consumers about the risks of its Products.

56.     Plaintiff and class members suffered a cognizable injury as a direct and proximate result of Defendant's conduct, and this conduct was a substantial factor in causing them harm, because they would not have purchased Nature's Bounty Fish Oil Capsules at the price they paid if they had known that the Products have not actually been shown to promote heart health and, in fact, are harmful to heart health.

57.     The Consumer Protection Class seeks actual damages. Mr. Fasce and the New York Subclass seek statutory damages of $50, treble damages, reasonable attorney fees, and all other available relief.  *See* N.Y. Gen. Bus. Law § 349 (h).

<u>**Second Cause of Action**</u>

**Violation of New York Gen. Bus. Law § 350**

**(by Plaintiff Anthony Fasce and the New York Subclass)**

58.     Plaintiff Anthony Fasce incorporates each and every factual allegation set forth above.

59.     Plaintiff brings this cause of action on behalf of himself and members of the New York Subclass, seeking statutory damages available under New York Gen. Bus. Law § 350 (among other relief).

60.     Defendant's false and misleading "Heart Health" claims are consumer-oriented.

61.     Defendant's misrepresentations have a broad impact on consumers at large, i.e., the hundreds of thousands (or potentially millions) of New Yorkers that purchase these products. These transactions recur every day.

62.     Defendant's "Heart Health" misrepresentations were deceptive and misleading in a material way.  As alleged in detail above, these misrepresentations were important to consumers and affected their choice to purchase the Nature's Bounty Fish Oil Capsules.  And these misrepresentations were likely to mislead reasonable consumers.

63.     Plaintiff and the Subclass saw and relied on Defendant's "Heart Health" misrepresentations.

64.     Defendant's misrepresentations were willful and knowing.  Defendant falsely represented that Nature's Bounty Fish Oil Capsules support heart health. Moreover, Defendant omitted crucial information from its label, failing to disclose that fish oil supplements may increase the risk of atrial fibrillation and *harm* heart health.

65.      Because Defendant makes and sells the Products, Defendant knew, or should have known, through the exercise of reasonable care, that these statements were false and misleading. Furthermore, Defendant controls its labeling, knowingly put on the "Heart Health" representations, and knows the plain meaning of "Heart Health."

66.     Defendant had superior knowledge of its Products compared to consumers, and Defendant knew or should have known about the dangerous risks associated with its Products, namely that they increase the risk of atrial fibrillation and harm heart health. Defendant had a duty to warn consumers about the risks of its Products.

67.     Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct, and this conduct was a substantial factor in causing them harm, because they would not have purchased Nature's Bounty Fish Oil Capsules at the price they paid if they had known that the Products have not actually been shown to promote heart health and, in fact, may be harmful to heart health.

68.     Plaintiff and the New York Subclass seek statutory damages of $500, treble damages, reasonable attorney fees, and all other available relief.  *See* N.Y. Gen. Bus. Law § 350-e (3).

### Third Cause of Action

**Breach of Express Warranty**

**(by Plaintiff, the Nationwide Class, and the New York Subclass)**

69.     Plaintiff incorporates each and every factual allegation set forth above.

70.     Plaintiff brings this cause of action on behalf of himself, the Nationwide Class, and the New York Subclass.

71.     Defendant, as the manufacturer, marketer, distributor, supplier, and/or seller of the Nature's Bounty Fish Oil Capsules, issued material, written warranties by representing that the Products help support a healthy heart.  This was an affirmation of fact about the Products and a promise relating to the goods.

72.     This warranty was part of the basis of the bargain and Plaintiff and class members relied on this warranty.

73.     In fact, the Nature's Bounty Fish Oil Capsules do not conform to the above-referenced representation because, as alleged in detail above, Nature's Bounty's labeling is inaccurate, and the Products have not been shown to support a healthy heart.  Moreover, Defendant omitted crucial information from its label, failing to disclose that fish oil supplements may increase the risk of atrial fibrillation and *harm* heart health.  Thus, the warranty was breached.

74.     Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on January 26, 2024.

75.     Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct, and this conduct was a substantial factor in causing harm, because they would not have purchased Nature's Bounty Fish Oil Capsules at the price they paid if they had known that the Products have not actually been shown to promote heart health and, in fact, may harm heart health.

14

**Fourth Cause of Action**

**Breach of Implied Warranties**

**(by Plaintiff, the Nationwide Class, and the New York Subclass)**

76.    Plaintiff incorporates each and every factual allegation set forth above.

77.    Plaintiff brings this cause of action on behalf of himself, the Nationwide Class, and the New York Subclass.

78.    Defendant impliedly warranted that the Nature's Bounty Fish Oil Capsules, which Defendant manufactured or sold, were merchantable and fit for the ordinary purposes for which they were intended to be used.  Defendant breached its implied warranty of merchantability when it manufactured, distributed, and sold the Nature's Bounty Fish Oil Capsules in un-merchantable condition.  These Nature's Bounty Fish Oil Capsules, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which fish oil capsules are used.

79.    As described in greater detail above, Defendant impliedly warranted that the Nature's Bounty Fish Oil Capsules are fit for the purpose of improving cardiovascular outcomes and supporting heart health.  But Nature's Bounty Fish Oil Capsules have not been shown to support a healthy heart.  They do not promote heart health. Moreover, Defendant omitted crucial information from its label, failing to disclose that fish oil supplements may increase the risk of atrial fibrillation and *harm* heart health. Thus, the warranty was breached.

80.    Defendant also impliedly warranted that the Nature's Bounty Fish Oil Capsules, which Defendant manufactured or sold, were fit for the particular purposes for which they were intended to be used.

81.    Plaintiff and class members purchased Nature's Bounty Fish Oil Capsules, for the particular purpose of improving heart health and cardiovascular outcomes.

82.    Defendant knew, or had reason to know, that Plaintiff and class members were purchasing the Nature's Bounty Fish Oil Capsules for the particular purpose of improving heart health and cardiovascular outcomes.  Defendant is aware that consumers purchase Nature's Bounty

15

Fish Oil Capsules to improve heart health and cardiovascular outcomes. In fact, it advertises to consumers that Nature's Bounty Fish Oil Capsules improve heart health and cardiovascular outcomes.

83. Moreover, Defendant was aware that fish oil supplements may actually be *harmful* to heart health by increasing the risk of atrial fibrillation and omitted this information from its labeling.

84. Defendant markets itself as a knowledgeable and effective developer and purveyor of fish oil capsules.

85. Defendant knew, or had reason to know, that Plaintiff and class members would justifiably rely on Defendant's particular skill and knowledge of fish oil capsules in selecting or furnishing such capsules that would improve heart health and cardiovascular outcomes.

86. Plaintiff and class members did justifiably rely on Defendant's judgment and skill.

87. Defendant breached its implied warranty of fitness when it manufactured, distributed, and sold Nature's Bounty Fish Oil Capsules that do not promote heart health or improve cardiovascular outcomes, despite advertising that they do. Defendant further breached its implied warranty by omitting information regarding the risks associated with fish oil supplements, namely increased risk of atrial fibrillation. These Nature's Bounty Fish Oil Capsules, when sold and at all times thereafter, were not fit for the particular purpose for which consumers purchased them.

88. Plaintiff and the other class members notified Defendant of the breaches of its implied warranties within a reasonable time and/or were not required to do so. Indeed, Plaintiff Fasce sent a notice letter regarding Defendant's breaches on January 26, 2024. Defendant was also on notice of its breaches from other sources, including relevant scientific literature.

89. Defendant's breaches of these implied warranties deprived Plaintiff and class members of the benefits of their bargains.

90. Plaintiff and the class members have had sufficient direct dealings with either Defendant or its agents (retailers and technical support) to establish privity of contract between

Defendant, on one hand, and Plaintiff and each of the other class members on the other hand. Nonetheless, privity is not required here because Plaintiff and each of the other class members are intended third-party beneficiaries of contracts between Defendant and its retailers, and specifically, of Defendant's implied warranties. The retailers were not intended to be the ultimate consumers of the Nature's Bounty Fish Oil Capsules and have no rights under the warranty agreements provided with the Nature's Bounty Fish Oil Capsules; the warranty agreements were designed for and intended to benefit the consumer only.

91.    Affording Defendant a reasonable opportunity to cure its breaches would be unnecessary and futile here. Indeed, Defendant has long been on notice of the claims of Plaintiff and class members and has refused to provide a remedy, instead placing the blame on customers or refusing to acknowledge their breaches of warranty.

92.    Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct, and this conduct was a substantial factor in causing harm, because they would not have purchased Nature's Bounty Fish Oil Capsules if they had known that the Products have not actually been shown to improve promote heart health and, in fact, were harmful to heart health.

<u>**Fifth Cause of Action**</u>

**Negligent Misrepresentation/Omission**

**(by Plaintiff, the Nationwide Class, and the New York Subclass)**

93.    Plaintiff incorporates each and every factual allegation set forth above.

94.    Plaintiff brings this cause of action on behalf of himself, the Nationwide Class, and the New York Subclass.

95.    As alleged more fully above, Defendant made false representations to Plaintiff and class members concerning their statements that the capsules support a healthy heart.  Moreover, Defendant omitted crucial information from its label, failing to disclose that fish oil supplements may increase the risk of atrial fibrillation and *harm* heart health.

96.    These representations were false.

97.    When Defendant made these misrepresentations, it knew or should have known that they were false.  Defendant had no reasonable grounds for believing that these representations were true when made.

98.    Defendant intended that Plaintiff and class members rely on these representations and Plaintiff and class members read and reasonably relied on them.

99.    In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Nature's Bounty Fish Oil Capsules.

100.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and class members.

101.    Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct because they would not have purchased Nature's Bounty Fish Oil Capsules if they had known that the Products have not actually been shown to promote heart health and, in fact, may be harmful to heart health.

<u>Sixth Cause of Action</u>

**Fraudulent Misrepresentation/Omission**

**(by Plaintiff, the Nationwide Class, and the New York Subclass)**

102.    Plaintiff incorporates each and every factual allegation set forth above.

103.    Plaintiff brings this cause of action on behalf of himself, the Nationwide Class, and the New York Subclass.

104.    As alleged more fully above, Defendant made false representations to Plaintiff and class members concerning its statements that the capsules support a healthy heart. Moreover, Defendant omitted crucial information from its label, failing to disclose that fish oil supplements may increase the risk of atrial fibrillation and *harm* heart health.

105.    These representations were false.

106.    When Defendant made these misrepresentations, it knew that they were false at the time that it made them and/or acted recklessly in making the misrepresentations.

107.    Defendant intended that Plaintiff and class members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

108.    Defendant had superior knowledge of its Products compared to consumers, and Defendant knew or should have known about the dangerous risks associated with its Products, namely that they increase the risk of atrial fibrillation and harm heart health. Defendant had a duty to warn consumers about the risks of its Products.

109.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

110.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and class members.

111.    Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct because they would not have purchased Nature's Bounty Fish Oil Capsules if they had known that the Products have not actually been shown to promote heart health and, in fact, were harmful to heart health.

## VII.    Relief.

112.    Plaintiff seeks the following relief for himself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Rescission;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

## VIII.    Demand for Jury Trial.

113.    Plaintiff demands the right to a jury trial on all claims so triable.


Dated: June 24, 2024                                  Respectfully submitted,

By: /s/ *Zachary Arbitman*
Zachary Arbitman*
FELDMAN SHEPHERD
WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
T: (215) 567-8300
F: (215) 567-8333
zarbitman@feldmanshepherd.com

Rick Lyon* (Cal. Bar No. 229288)
rick@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069


*Admitted Pro Hac Vice

*Attorneys for Plaintiff*